**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**vs.)  No. 20-0365** (Raleigh County 19-AA-12-K)

**Jeffrey A. Lilly,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles, by counsel Patrick Morissey and Jason D. Nicholas, appeals the order of the Circuit Court of Raleigh County, entered on May 5, 2020, reversing the final order of the Commission of the Division of Motor Vehicles (that revoked respondent's license to operate a motor vehicle) and remanding to the Office of Administrative Hearings ("OAH") for a hearing conducted by a different hearing examiner. Respondent Jeffrey A. Lilly appears by counsel David Pence.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

Petitioner Everett Frazier ("the commissioner") entered an order for the revocation of Respondent Jeffrey A. Lilly's driving privileges on November 7, 2018, following Mr. Lilly's arrest in late October of 2018. Mr. Lilly appealed to the OAH, and a hearing was conducted in March of 2019.

During the OAH hearing, Sgt. Jason Redden of the Raleigh County Sheriff's Department testified that he initiated the traffic stop of Mr. Lilly after an extended observation during which Mr. Lilly crossed the center line and the fog line multiple times, and during which Mr. Lilly pulled his truck aside the road at least twice, abruptly, to allow Sgt. Redden to pass. Sgt. Redden smelled alcohol when he approached Mr. Lilly's vehicle. There were four passengers in the Lilly vehicle, but as Sgt. Redden and Mr. Lilly walked away from the truck, Sgt. Redden continued to smell alcohol. Sgt. Redden noted that Mr. Lilly was unsteady when he exited his vehicle, and his eyes

1

were watery and bloodshot. Mr. Lilly admitted to Sgt. Redden that he had consumed beer earlier in the evening, but he could not recall where he consumed it. Sgt. Redden administered field sobriety tests to Mr. Lilly and found indication of impairment. He administered a preliminary breath test and, based on the positive result, placed Mr. Lilly under arrest and took him to the Raleigh County Sheriff's Department for processing. Mr. Lilly signed the required implied consent statement and, at 2:48 a.m., submitted to a secondary chemical breath test that showed a blood alcohol content of 0.071%.

Mr. Lilly testified on his own behalf at the OAH hearing and explained that he suffers from a condition known as photophobia. Mr. Lilly recalled that, preceding the traffic stop, he pulled over to allow the car behind him to pass (without realizing it was a police car) because the headlights from the car impaired his vision. He testified that he and his friends had been at a bar and were traveling to a party when he was pulled over. He acknowledged that he was traveling at varying speeds but denied weaving while driving or crossing lines. Mr. Lilly further acknowledged that he had consumed multiple beers.

The OAH hearing examiner found that Sgt. Redden's testimony was credible to support a finding that he had a lawful reason to initiate the stop of Mr. Lilly's automobile. The hearing examiner also found Mr. Lilly "generally" credible. Based on the testimony of Sgt. Redden and Mr. Lilly, together with other evidence adduced at the hearing, the hearing examiner affirmed the commissioner's order of revocation.

Mr. Lilly appealed the revocation to the Circuit Court of Raleigh County. The circuit court explained that no video evidence was offered to support Sgt. Redden's testimony and "the [h]earing [e]xaminer had to simply choose which version he believed. He chose the arresting officer's version, despite two previous findings [in the hearing examiner's final order] of [Mr. Lilly's] credibility." The court wrote that the hearing examiner "appear[ed] to have approached the case with a clear bias against" Mr. Lilly. On this basis, the circuit court determined that the commissioner failed to support his revocation order by a preponderance of the evidence, and ordered the matter remanded for a new hearing to be conducted by a different hearing examiner.[1]

The commissioner asserts four assignments of error on appeal. He argues, first, that the circuit court erred in concluding that he failed to prove by a preponderance of the evidence that Mr. Lilly operated a motor vehicle while under the influence of alcohol; second, that the circuit court substituted its own judgment for that of the hearing examiner in making credibility determinations; third, that the circuit court erred in finding that the hearing examiner improperly drew a negative inference from Mr. Lilly's failure to call witnesses; and, fourth, in directing that the matter be heard by a different hearing examiner on remand to the OAH. We recently reiterated the standard under which we review cases such as this one.

---

[1]Mr. Lilly's defense was largely based on his testimony that he suffers from photophobia, and he pulled aside the road because he was adversely affected by Sgt. Redden's headlights behind him. We are not bothered that the OAH hearing examiner did not admit into evidence a letter from Mr. Lilly's doctor confirming that Mr. Lilly suffered from photophobia, because the hearing examiner credited Mr. Lilly's testimony about that condition.

"In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 2. *Frazier v. Fouch*, ___ W. Va. ___, 853 S.E.2d 587 (2020). Because we find that the circuit court failed to accord deference to the agency's hearing examiner, we conclude that the circuit court abused its discretion and the error should be corrected on remand.

In Syllabus Point 4 of *Frazier v. S.P.*, 242 W. Va. 657, 838 S.E.2d 741 (2020), we reiterated our holding that

"[s]ince a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus point 1, in part, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

The hearing examiner made the unequivocal determination that Sgt. Redden offered credible testimony to support the initial traffic stop. The circuit court acknowledged that Sgt. Redden testified that Mr. Lilly's vehicle crossed the center line and the fog line. However, the circuit court emphasized that the hearing examiner made "two previous findings of [Mr. Lilly's] credibility[,]" but nevertheless failed to adequately explain why he accepted Sgt. Redden's recitation of events when Mr. Lilly "denied those allegations outright or stated that he did not recall doing those things." We note, first, that a fact finder could credit both the officer's testimony that there existed sufficient justification for the traffic stop and the driver's testimony that he did not recall the events as described by the officer.

But we also stress that the hearing examiner explained in detail the basis for upholding the revocation order. In significant part, the hearing examiner wrote:

In explaining his driving on the morning of his arrest, [Mr. Lilly] first testified that he had no difficulty controlling his vehicle, was not weaving, drifting, or straddling the lane line. While he acknowledged that he was traveling at varying speeds because he pulled over two times, he only pulled to the right, then changed his testimony and testified that he did not recall ever crossing the centerline, did not recall ever crossing the fog line on the right side and never weaved within his lane of travel. He further testified that he had no trouble exiting the vehicle and was not unsteady. Although he was wearing cowboy boots at the time and the parking lot was gravel, he had no trouble getting out of his vehicle or walking. Any suggestion . . . that the field sobriety tests should not be considered because they were not

3

performed in a suitable place defies credulity given [Mr. Lilly's] own testimony . . . that he had no trouble getting out of his vehicle or walking. When asked if he had consumed any alcohol prior to driving, [Mr. Lilly] admitted to consuming a total of two beers within three to four hours and one beer within approximately one and one-half hours prior to being stopped. . . .

These detailed findings demonstrate that, even when Mr. Lilly's testimony is deemed "generally" credible, the evidence shows at a minimum that Mr. Lilly traveled at varying speeds, that Sgt. Redden observed Mr. Lilly crossing traffic lines though Mr. Lilly does not recall doing so[2], that Sgt. Redden detected alcoholic odor, that Mr. Lilly admitted to consuming alcohol, and that Sgt. Redden administered reliable field sobriety tests that suggested impairment. Because this evidence is uncontroverted, we agree with the commissioner that the circuit court misapplied the factual evidence, as asserted in the commissioner's first assignment of error, and improperly substituted its judgment for that of the hearing examiner, as asserted in the commissioner's second assignment of error.

Similarly, we agree with the commissioner, as set forth in his third assignment of error, that the circuit court incorrectly found that the hearing examiner made an improper negative inference because Mr. Lilly did not call any of the several passengers from his vehicle as witnesses, without similarly making a negative inference based on the commissioner's having not called as a witness the deputy officer accompanying Sgt. Redden. As described above, the commissioner introduced sufficient evidence to create the presumption that Mr. Lilly operated a motor vehicle while intoxicated. The hearing examiner concluded that the potential witnesses would not have assisted in the rebuttal of the commissioner's evidence. The significant detail in the hearing examiner's conclusion is not the absence of witnesses but, rather, the absence of rebuttal evidence. The point is that the commissioner presented uncontroverted evidence of Mr. Lilly's intoxication to the OAH, and this would remain true even if the hearing examiner made no reference to Mr. Lilly's decision to call no witnesses.

For the foregoing reasons, we reverse and remand this case to the circuit court to enter an order that affirms the Office of Administrative Hearings' decision and reinstates the commissioner's revocation order.[3]

Reversed and remanded.

---

[2]Concerning the differing recollections of whether Mr. Lilly crossed traffic lines, we note, as explained in footnote 1, that Mr. Lilly testified that Sgt. Redden's headlights so troubled his photophobic condition that he pulled aside the road at least twice to allow Sgt. Redden to pass.

[3]Because our remand to the circuit court requires the circuit court to enter an order affirming the OAH's administrative decision, we find it unnecessary to address in detail the commissioner's fourth assignment of error, which challenges the circuit court's instruction to the OAH concerning the management and assignment of its caseload. We note, however, that our jurisprudence suggests that our judiciary is to ensure that an administrative agency has conducted its hearings in an impartial manner, while leaving the designation of hearing examiners to the agency itself. *See* Syl. Pt. 2, *Varney v. Hechler*, 189 W. Va. 655, 434 S.E.2d 15 (1993).

4

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead


**DISQUALIFIED:**

Justice John A. Hutchison
Justice William R. Wooton